# EXHIBIT A

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | C. A. NO: 2021-CP-04-_____ |
| Gregory Wilson, Individually and as Personal Representative of the Estate of Brenda Mary Wilson, | **SUMMONS** |
| Plaintiffs, | |
| vs. | |
| The Anderson City Police Department, Officer Joseph Chapman, the Anderson County Sheriff's Office, and Deputy B.D. Jackson, | |
| Defendants. | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

LAW OFFICES OF STEVEN M. KRAUSE, P.A

s/Steven M. Krause
Steven M. Krause, Esq. (Bar No. 3571)
207 E. Calhoun Street
Anderson, South Carolina 29621
T:  864 225-4000
steve@krauselaw.org

-AND-

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

CLAWSON FARGNOLI UTSEY, LLC

s/ Christy R. Fargnoli
Samuel R. Clawson, Jr., Esq. (Bar No. 76065)
Christy R. Fargnoli, Esq. (Bar No. 77528)
2 Amherst Street
Charleston, South Carolina 29403
843.970.2700 (o)
843.970.1780 (f)
sam@cfulaw.com
christy@cfulaw.com

*Attorneys for the Plaintiff*

Anderson, South Carolina
June 23, 2021

- 2 -

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Gregory Wilson, Individually and as Personal Representative of the Estate of Brenda Mary Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>The Anderson City Police Department, Officer Joseph Chapman, the Anderson County Sheriff's Office, and Deputy B.D. Jackson,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br><br>C. A. NO: 2021-CP-04-_____<br><br><br>**COMPLAINT**<br><br>**(Wrongful Death and Survival Action)**<br><br><br>**(Jury Trial Requested)** |

The Plaintiff, by and through his undersigned attorneys and complaining of the Defendants, hereby alleges the following facts:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this claim as the incident that gives rise to this action occurred in Anderson County. The Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the United States Constitution and federal statutes, 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

**PARTIES**

2. Plaintiff Gregory Wilson, Individually and as the Personal Representative of the Estate of Brenda Mary Wilson (hereinafter collectively referred to simply as "Wilson") is the party bringing this suit and is a citizen and resident of Anderson County, South Carolina.

3. The Anderson City Police Department is a political subdivision of the State of South Carolina and is sued under the South Carolina State Tort Claims Act for liability resulting from the actions and inactions of its employees.

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

4. The Anderson County Sheriff's Office is a political subdivision of the State of South Carolina and is sued under the South Carolina State Tort Claims Act for liability resulting from the actions and inactions of its employees.

5. Officer Joseph Chapman is an employee of the Anderson City Police Department and, at all times mentioned herein, was under color of law and within the scope and course of his employment. Officer Chapman is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

6. Deputy B.D. Jackson is an employee of the Anderson County Sheriff's Office and, at all times mentioned herein, was under color of law and within the scope and course of his employment. Officer Chapman is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

**FACTUAL ALLEGATIONS**

7. At all times relevant herein, Officer Joseph Chapman was a law enforcement officer with Anderson City Police Department and was operating an Anderson City Police Department patrol car in the course and scope of his employment with Anderson City Police Department.

8. On about June 30, 2020, Officer Chapman observed a 2003 burgundy Infiniti on Shockley Ferry Road.

9. Upon information and belief, Officer Chapman recognized the driver operating the vehicle and ran a search on the license plate, which was returned as reported stolen.

10. Officer Chapman initiated his blue lights and siren for a non-violent property crime.

11. The driver of the suspect vehicle then fled at a high rate of speed.

12. Officer Chapman initiated pursuit of the suspect vehicle.

13. At that time, the pursuit would undoubtedly traverse the main streets of Anderson, thereby increasing the likelihood of injury to person or property.

14. The pursuit quickly reached speeds approaching ninety (90) miles per hour while traveling

through the main streets of Anderson and residential areas.

15. The high-speed vehicle pursuit then proceeded out of Officer Chapman's jurisdiction and into Anderson County.

16. Officer Chapman continued the pursuit as the suspect vehicle drove through several intersections while weaving in and out of traffic at a high rate of speed.

17. Officer Chapman continued pursuit of the suspect vehicle onto S. C. Highway 29 in Anderson and heading in a southerly direction.

18. The suspect vehicle continued to weave through traffic on the busy road at speeds over ninety (90) miles per hour.

19. As the fleeing vehicle turned onto S. C. Highway 187, Anderson County dispatch called for assistance from the Anderson County Sheriff's Department.

20. Deputy B. D. Jackson with the Anderson County Sheriff's Office received the dispatch call to assist the Anderson City Police in the vehicle pursuit.

21. Deputy Jackson stopped his vehicle and deployed stop sticks, a strip of spikes intended to deflate a vehicle's tires.

22. Deputy Jackson deployed the stop sticks on Dobbins Bridge Road in a residential area with numerous homes present, in violation of Anderson County Sheriff's Office policies and procedures and/or manufacturer instructions.

23. Deputy Jackson failed to ensure that other people, including pedestrians, were clear of the area where he intended to disable the fleeing vehicle.

24. Deputy Jackson failed to ensure that the stop sticks were placed in an area that would limit the suspect vehicle's ability to attempt to drive around the stop sticks.

25. There were less populated stretches of road nearby that would have been more suitable to attempt to disable the fleeing vehicle with the stop sticks.

26. As the suspect vehicle came over the hill on Dobbins Bridge Road and observed Deputy

Jackson's vehicle and the stop sticks, the suspect vehicle swerved to the west side of Dobbins Bridge Road in an attempt to avoid the stop sticks, while traveling at more than 90 mph. The suspect then lost control of his vehicle, crossed back over to the east side of the road, struck a tree, and violently collided with Brenda Mary Wilson as she was walking near her mailbox in front of her house. The suspect vehicle then struck a utility pole and a parked truck, causing it to burst into flames.

27. Brenda Mary Wilson was dismembered at the waist by the terrible force of the crash and her body parts were strewn about her yard, with the bulk of her body found in her neighbor's yard over 160 feet away.

28. Plaintiff Greg Wilson, Brenda's husband of 38 years, was in close proximity to the car vs. pedestrian collision and perceived the collision as it happened, as he was watching his wife from the front door as she walked across the front yard towards the mailbox. Immediately thereafter, Greg Wilson observed his deceased wife's mutilated and dismembered body lying in his neighbor's yard.

29. Plaintiff Greg Wilson went into the house and retrieved a blanket to cover his wife.

30. These severe and unimaginable losses to Greg amount to a direct and substantial impairment to his fundamental right to life, liberty and property.

31. The vehicle pursuit lasted approximately 11 minutes and traversed approximately 14.7 miles.

32. The law enforcement officers had sufficient time during the vehicle pursuit to exercise unhurried judgment in applying their knowledge of agency policies and procedures and state and federal law relating to vehicle pursuits and use of force.

33. Deliberation by the law enforcement officers as to whether to initiate a vehicle pursuit, whether to continue a vehicle pursuit, whether to terminate a vehicle pursuit, and whether and how to attempt to end the pursuit by force, was practical under the circumstances.

34. Officer Chapman had sufficient time to consider his operational conduct including the

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

initiation, continuation, and failure to terminate the vehicle pursuit.

35. Deputy Jackson had sufficient time to consider his operational conduct including the decision to use stop sticks in an attempt to end the vehicle pursuit and the manner in which they were used.

36. The initial underlying crime was an alleged property crime and a non-emergency situation.

37. To the extent the situation later became an emergency, such "emergency" was created by Defendants by virtue of their improper actions and omissions in initiating, continuing, and failing to terminate a high-speed vehicle pursuit.

38. The Defendants' conduct was plainly incompetent, violated the policies and procedures of the Anderson City Police Department and Anderson County Sheriff's Office, violated clearly established State law, federal law, violated the United States Constitution, and exhibited a conscience-shocking deliberate indifference to the lives and safety of the general public.

## FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. 1983 - 14th Amendment Claim of Violation of Due Process
### As to Defendants Chapman and Jackson

39. The Plaintiffs incorporate by reference all previous paragraphs above as if repeated herein.

40. The acts and omissions of the Defendants by driving law enforcement vehicles at such extreme rates of speed without responding to an emergency and in violation of their policies and procedures constitutes a conscience-shocking deliberate indifference to the lives and safety of the general public in violation of Brenda Mary Wilson's Fourteenth Amendment Rights.

41. By the acts and omissions described above, Defendants violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

   a.    The right to be free of unlawful, reckless, deliberately indifferent, and conscience

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

       shocking conduct as secured by the Fourteenth Amendment;

   b.    The right to be free from deprivation of life, limb and property without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   c.    And in such other particulars as may be learned through discovery.

42. The conduct of Officer Chapman and Deputy Jackson was so egregious, and so outrageous, that it may fairly be said to shock the contemporary conscience.

43. Officer Chapman and Deputy Jackson either knew or had fair warning that their conduct was unlawful.

44. A reasonable law enforcement officer in Defendants' position would have known that their conduct was unlawful and that it created a substantial risk of serious harm to others.

45. As a direct and proximate result of the conscience-shocking conduct of the Defendants, Brenda Mary Wilson was violently killed, and Greg Wilson suffered severe shock, horror, emotional distress, and post-traumatic stress.

46. Plaintiff is entitled to an award of actual and punitive damages in an amount to be determined by a jury, as well as reasonable attorney's fees.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence & Gross Negligence - State Tort Claims Act)**
**As to Defendants Anderson City Police Department**
**and Anderson County Sheriff's Office**

47. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

48. The Defendants' employees had a duty to drive the law enforcement vehicles in a reasonable and safe manner and consistent with the laws of South Carolina.

49. The Defendants' employees had a duty to comply with Defendant's policies and procedures regarding vehicle pursuits and use of force.

50. The Defendants had a duty to have in place reasonable policies and procedures relating to vehicle pursuits and use of force.

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

51. The Defendants had a duty to train their employees on their policies and procedures relating to vehicle pursuits and use of force.

52. The Defendants had a duty to supervise their employees and enforce their policies and procedures.

53. The Defendants departed from the duties of care required by law enforcement officers and law enforcement agencies and were reckless, grossly negligent, and negligent per se by violating the duties owed to Plaintiff as follows:

    a. In initiating a vehicle pursuit for improper reasons;

    b. In the conduct of the vehicle pursuit by operating vehicles at high speeds and in a reckless manner for an extended period of time;

    c. In the failure to terminate the vehicle pursuit when it was clear that the risk posed to the public by the pursuit exceeded the need to apprehend the fleeing driver;

    d. In attempting to end the vehicle pursuit through the improper use of stop sticks given the surrounding circumstances;

    e. In failing to have in place proper and adequate policies, procedures and protocols for training law enforcement officers on vehicle pursuits and the use of stop sticks., or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    f. To the extent adequate policies, procedures and protocols were in place, in failing to use due care to properly train officers on those policies;

    g. To the extent adequate policies, procedures and protocols were in place, in failing to use due care to properly supervise officers and enforce those policies; and

    h. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

54. The reckless, grossly negligent, and negligent per se conduct for which the Defendants are liable was operational and not discretionary, in that compliance by the employees with Defendant's policies and procedures is mandatory.

55. The reckless, grossly negligent, and negligent per se conduct for which the Defendants are liable include multiple separate acts and omissions by multiple employees of multiple

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

government entities and constitutes multiple occurrences within the scope of the South Carolina Tort Claims Act, the exact number of which should be determined by the finder of fact.

56. As a direct and proximate result of the gross negligence, carelessness, recklessness and failure of one or more of the Defendants to use the appropriate care under the circumstances, Plaintiff's decedent Brenda Mary Wilson suffered a violent death and Plaintiff Greg Wilson has suffered severe and extreme mental shock, emotional distress, anxiety, grief, loss of companionship, loss of enjoyment of life and other harms and losses for which the Plaintiff is entitled to recover in an amount to be determined by a jury at the trial of this action.

### FOR A THIRD CAUSE OF ACTION
### (WRONGFUL DEATH)

57. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

58. As a direct and proximate result of the negligent, gross negligent, careless and reckless conduct of the Defendants as described hereinabove, Brenda Mary Wilson sustained such brutal and extensive injuries so as to violently cause her death, causing her statutory beneficiaries to sustain extreme mental shock and suffering, wounded feelings, grief, sorrow and the loss of comfort, companionship and society, and to incur funeral and other expenses all to the damage of the statutory beneficiaries named hereinafter, both actual and punitive, in an amount to be determined by a jury at the trial of this case.

59. A cause of action exists against the Defendants under the South Carolina Wrongful Death Act, S.C. Code Ann. §§15-51-10, et seq.

60. At the time of her death, Decedent Brenda Mary Wilson was fifty-six (56) years old and had a life expectancy of an additional 27.41 years to age 83.41 in the year 2047.

61. The applicable statutory beneficiaries of the Decedent are her husband, Gregory Wilson, and

her children, Heather Sue Henez and Pamela J. Wilson.

## FOR A FOURTH CAUSE OF ACTION
## (SURVIVAL)

62. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

63. As a direct and proximate result of the wrongful acts of the Defendants, as more particularly described hereinabove, the Decedent suffered brutal and violent injuries, which caused her to suffer great physical and mental pain, shock and agony, and ultimately resulted in her death.

64. The Plaintiff is the duly appointed, qualified, and acting Personal Representative of the Estate of Brenda Mary Wilson who died, as alleged above, due to being struck by a fleeing vehicle on June 30, 2020, and the Plaintiff brings this action pursuant to S. C. Code Ann. §15-5-90 for the benefit of the Decedent's estate.

## FOR A FIFTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

65. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

66. In addition thereto, as a direct and proximate result of the negligence of the Defendants as hereinabove more particularly set forth, the Plaintiff's decedent sustained fatal injuries resulting in death causing Plaintiff Gregory Wilson to lose the marital rights and duties of a spouse, including the loss of her society, companionship, aid, services, sexual relations and comfort, all to his damage, both actual and punitive, in an amount to be determined by a jury at the trial of this case.

## FOR A SIXTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

67. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

68. Plaintiff Greg Wilson was the lawful spouse of Brenda Mary Wilson.

69. Plaintiff Greg Wilson was in close proximity to the crash that killed his wife.

70. Plaintiff Greg Wilson perceived the crash as it happened.

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

71. Plaintiff Greg Wilson observed his deceased wife's dismembered and mutilated body lying in the neighbor's yard.

72. Plaintiff Greg Wilson's wife's horrific death was caused by the reckless, grossly negligent, negligent per se, and unconstitutional actions of the Defendants.

73. The extreme shock of his wife's violent death caused Greg Wilson to suffer emotional distress including anxiety, depression, emotional trauma, emotional upset, fear, mental anguish, mental trauma, post-traumatic shock, and stress.

74. This emotional distress has manifested itself by physical symptoms capable of objective diagnosis in that they have variously experienced physical and objective symptoms including, but not limited to, sleep disturbances, weight fluctuations, changes in eating patterns, fatigue, and gastrointestinal upset.

75. Plaintiff Greg Wilson individually is entitled to actual and punitive damages for this emotional distress.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For actual damages against the Anderson City Police Department and the Anderson County Sheriff's Office for the State law tort claims;

2. For actual and punitive damages against Officer Joseph Chapman and Deputy B.D. Jackson for the Federal civil rights claims;

3. For attorneys' fees and the costs of suit necessarily incurred pursuant to 42 USC §1988 against the Officer Joseph Chapman and Deputy B.D. Jackson; and,

4. And for such other relief as the Court deems just and proper.

*Signature Page Follows*

ELECTRONICALLY FILED - 2021 Jun 23 9:22 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0401166

        Respectfully submitted,

        LAW OFFICES OF STEVEN M. KRAUSE, P.A

        s/Steven M. Krause
        Steven M. Krause, Esq. (Bar No. 3571)
        207 E. Calhoun Street
        Anderson, South Carolina 29621
        T:  864 225-4000
        steve@krauselaw.org

        -AND-

        CLAWSON FARGNOLI UTSEY, LLC

        *s/* Christy R. Fargnoli
        Samuel R. Clawson, Jr., Esq. (Bar No. 76065)
        Christy R. Fargnoli, Esq. (Bar No. 77528)
        2 Amherst Street
        Charleston, South Carolina 29403
        843.970.2700 (o)
        843.970.1780 (f)
        sam@cfulaw.com
        christy@cfulaw.com

        *Attorneys for the Plaintiff*

Anderson, South Carolina
June 23, 2021